A92A1184. NEW v. HUBBARD et al.
(426 SE2d 379)

COOPER, Judge.

We granted this interlocutory appeal to review the trial court's ruling that interspousal immunity doctrine does not bar third-party actions for indemnity or contribution against a plaintiff's spouse.

Plaintiff, appellant's wife, was injured in an automobile collision involving two automobiles — one driven by appellant, and one driven by appellee Hubbard. Plaintiff sued appellee Hubbard, and appellees Hubbard and State Farm filed a third-party complaint against appel-

lant seeking indemnification or contribution. Appellant moved for summary judgment based on interspousal immunity, and now appeals from the denial of that motion.

1. Appellant contends that the trial court erred in concluding that interspousal immunity doctrine does not apply in the context of third-party actions. We agree. In 1983, the Georgia legislature codified interspousal immunity doctrine: "Interspousal tort immunity, as it existed immediately prior to July 1, 1983, shall continue to exist on and after July 1, 1983." OCGA § 19-3-8. Moreover, prior to July 1983, this court had repeatedly ruled that interspousal immunity bars third-party actions for indemnity or contribution against a plaintiff's spouse. See, e.g., *Shell v. Watts*, 125 Ga. App. 542 (6) (188 SE2d 269), rev'd on other grounds, 229 Ga. 474 (192 SE2d 265) (1972); *Southern R. Co. v. Brewer*, 122 Ga. App. 292 (176 SE2d 665) (1970). Accordingly, interspousal tort immunity as it existed immediately prior to July 1983, and thus as it was codified in OCGA § 19-3-8, included the rule against third-party actions for indemnity or contribution against a plaintiff's spouse.

Appellees argued below, and the trial court apparently concluded, that interspousal immunity nonetheless should not bar appellees' third-party action because the doctrine is antiquated and, to the extent its purposes — preservation of marital harmony and prevention of collusive tort actions — still apply at all, they do not apply in the context of third-party actions. We recognize that the majority of jurisdictions have abrogated interspousal immunity. However, it is still the rule in Georgia; and it has been reaffirmed as such numerous times since the national trend away from the doctrine has been recognized. See, e.g., OCGA § 19-3-8; *Robeson v. Intl. Indem. Co.*, 248 Ga. 306 (3, 4) (282 SE2d 896) (1981); *Shoemake v. Shoemake*, 200 Ga. App. 182 (407 SE2d 134) (1991). Even before codification of interspousal immunity, the Georgia Supreme Court refused to judicially abrogate the doctrine, saying that it was "a rather close question as to whether abrogation of the doctrine at this juncture would be a proper exercise of judicial authority. Although it is true that the doctrine is of common-law origin, it is of long-standing application; and it is not unrealistic to presume that people have come to rely on it." *Robeson*, supra at 309 (4b). Now that the doctrine has been codified, judicial intervention to invalidate it on the grounds that interspousal immunity and the policy concerns underlying it are "antiquated" would clearly be improper. Furthermore, because that codification included the applicability of interspousal immunity doctrine to third-party actions, it would be equally inappropriate for this court to decide, on policy grounds, that the doctrine does not apply to bar third-party claims for indemnity or contribution from a plaintiff's spouse.

2. Appellees also argue that, even if the interspousal immunity

doctrine bars third-party actions as a general matter, it should not bar appellees' third-party action here because the purposes of the doctrine do not apply to the facts of this case. In reaffirming the validity of interspousal immunity as recently as 1991, however, we ruled that only in cases presenting " 'extreme factual situations,' " such as a lengthy separation or an act of domestic violence, can a court " 'deviate from a strict application of the general rule regarding interspousal immunity.' [Cit.]" *Shoemake*, supra at 183. In this case, it is undisputed that appellant and plaintiff have been continuously and harmoniously married since February 1986. The "extreme factual situation" that would permit deviation from strict application of the doctrine because there is no marital harmony to be preserved and no possibility of collusion between the spouses is therefore not present.

3. Appellees also challenge the constitutionality of interspousal immunity doctrine as applied in the third-party action context. The trial court did not distinctly rule on this constitutional issue, however, so it is not ripe for appellate consideration. *Jones v. Jones*, 184 Ga. App. 709 (2) (362 SE2d 403) (1987), rev'd on other grounds, 259 Ga. 49 (376 SE2d 674) (1989). In *Jones*, the estate of a spouse argued the interspousal immunity doctrine did not apply to bar its wrongful death action and, in the affirmative, the interspousal immunity doctrine as applied to wrongful death actions was unconstitutional. There, as here, the trial court made no distinct ruling on the constitutional issue. In *Jones* we reversed the denial of summary judgment on the issue of whether the doctrine applied to the facts and, concluding that the constitutional issue was "not ripe for appellate consideration," we remanded "for consideration of any constitutional questions properly raised." Id. We follow the same procedure here.

Accordingly, we reverse the trial court's denial of appellant's motion for summary judgment based on the inapplicability of interspousal immunity to third-party actions under OCGA § 19-3-8 and remand the case for consideration of any constitutional questions properly raised.

*Judgment reversed and case remanded. Sognier, C. J., and Mc-Murray, P. J., concur.*

DECIDED NOVEMBER 19, 1992 —
RECONSIDERATION DENIED DECEMBER 9, 1992.

*Wilson, Strickland & Benson, Earl B. Benson, Jr., Mary M. Brockington,* for appellant.

*Crim & Bassler, Harry W. Bassler, Joseph M. Murphey, Harper, Waldon & Craig, Russell D. Waldon, Christopher M. Farmer,* for ap-

pellees.