## A00A1826. BASSETT v. HARRINGTON.
### (543 SE2d 798)

ANDREWS, Presiding Judge.

Elizabeth Bassett sued Lawrence Harrington alleging that she sustained personal injuries caused by Harrington's negligent operation of the automobile in which she was riding as a passenger. About seven weeks after the suit was filed, Bassett and Harrington married. The trial court subsequently granted a motion for summary judgment in favor of Harrington asserting that the interspousal tort immunity doctrine barred the suit. Bassett appeals claiming that the doctrine does not apply where the marriage between the parties occurred after the suit was filed.

Under the common law doctrine of interspousal tort immunity (codified at OCGA § 19-3-8), actions between spouses for personal torts committed by one spouse against the other are barred, except where the traditional policy reasons for applying the doctrine are absent. *Shoemake v. Shoemake*, 200 Ga. App. 182, 183 (407 SE2d 134) (1991). In *Robeson v. Intl. Indem. Co.*, 248 Ga. 306 (282 SE2d 896) (1981), the Supreme Court of Georgia upheld the common law doctrine of interspousal tort immunity pointing out the traditional policy reasons behind barring such suits, including the belief that truly adversarial suits between spouses would disrupt marital har-

mony and the fear that nonadversarial suits between spouses would be fraudulent, collusive, or frivolous. Accordingly, *Robeson* reaffirmed the rule that, during marriage, an action for tortious injury to the person cannot be maintained by one spouse against the other. Id. at 307. The fact that Bassett and Harrington married after the suit was filed does not change this rule.

The trial court correctly granted summary judgment in favor of Harrington on the basis that the suit was barred by the doctrine of interspousal tort immunity.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED DECEMBER 22, 2000.

*Eric K. Maxwell*, for appellant.

*Sharon W. Ware & Associates, William M. Amos, Smith, Welch & Brittain, E. Gilmore Maxwell, Richard W. Kelley*, for appellee.