## S03A1305. GATES v. GATES.
### (587 SE2d 32)

CARLEY, Justice.

Several months before the parties were married, they were involved in a single-vehicle motorcycle accident. A year after the marriage, the parties separated and, just over a month later, Wife commenced this action against Husband, seeking a divorce in one count of her complaint and, in a separate count, damages for personal injuries allegedly arising from the motorcycle accident. Husband answered and simultaneously filed a motion to dismiss the damages claim based on the doctrine of interspousal tort immunity. The trial court converted that motion into one for summary judgment and denied it because while there was not any evidence of collusion or fraud, there was a genuine issue of material fact as to the existence of marital harmony to be protected. No divorce decree has been entered. The trial court certified its order for immediate review, and Husband filed an application for interlocutory appeal in the Court of Appeals, which transferred it to this Court on the basis that it involves our jurisdiction over divorce cases. We granted the application to consider the issues of appellate jurisdiction and the applicability of interspousal tort immunity.

1. "[T]he Supreme Court shall have appellate jurisdiction of . . . [a]ll divorce and alimony cases. . . ." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (6). An appeal from the final judgment in a divorce case is within this Court's jurisdiction even if the only issue is custody or

some other issue ancillary to divorce and alimony. *Ashburn v. Baker*, 256 Ga. 507, 508 (1) (350 SE2d 437) (1986). Unlike such cases, this appeal is interlocutory and involves only the issue of immunity from a tort claim which was joined with the divorce action. Where, as here, an appeal is not from a final judgment, but is interlocutory or is from a contempt or other subsequent order, and the sole issue on appeal involves only a contract or tort claim or any matter other than divorce or alimony, then the appeal does not constitute a divorce or alimony case within the meaning of our state constitution. *Crotty v. Crotty*, 219 Ga. App. 408, 409 (465 SE2d 517) (1995) (where this Court transferred an appeal involving only claims for contract damages which the plaintiff had joined in a single pleading with a motion for contempt of a final divorce judgment); *Morgan v. Morgan*, 193 Ga. App. 302, 303 (2) (388 SE2d 2) (1989) (where this Court transferred an appeal involving a motion to set aside the damages in a tort judgment for fraudulent inducement to marry, even though the tort claim was part of a complaint for divorce or annulment). See also *Schmidt v. Schmidt*, 270 Ga. 461, 462 (2) (510 SE2d 810) (1999) (holding that family violence actions are neither divorce nor alimony cases within the meaning of the Georgia Constitution, even though they often arise in conjunction with a divorce action); *Durham v. Spence*, 229 Ga. 835 (195 SE2d 23) (1972) (cases involving only issues relating to a bond in the context of a divorce case are not in this Court's jurisdiction); *Arnold v. Arnold*, 217 Ga. 430 (122 SE2d 734) (1961) (appeal in an action on a contract for the payment of alimony is not an alimony case within the state constitutional provision); *McClung v. McClung*, 211 Ga. 823 (89 SE2d 165) (1955) (same as *Durham*); *Thomas v. Hubert*, 208 Ga. 72 (65 SE2d 155) (1951) (rule for contempt was captioned in a divorce and injunction proceeding, but did not raise any question involving equity or divorce).

Wife contends that this appeal comes within our appellate jurisdiction over constitutional issues. However, she does not specify any statute as allegedly unconstitutional, and argues only that interspousal tort immunity is unconstitutional as applied. *Ledford v. J.M. Muse Corp.*, 224 Ga. 617 (163 SE2d 815) (1968). Moreover, the trial court's order does not contain any ruling on any constitutional issue. *New v. Hubbard*, 206 Ga. App. 679, 681 (3) (426 SE2d 379) (1992). Accordingly, Wife's constitutional argument is not a basis for this Court's jurisdiction. *Marr v. Ga. Dept. of Educ.*, 264 Ga. 841 (452 SE2d 112) (1995); *Ledford v. J.M. Muse Corp.*, supra.

We conclude, therefore, that jurisdiction over this case lies in the Court of Appeals. Nevertheless, we retain the case in the interests of judicial economy and will decide the tort immunity question which we posed upon granting this interlocutory appeal. See *Flint Elec. Membership Corp. v. Barrow*, 271 Ga. 636, fn. 1 (523 SE2d 10) (1999)

(Thompson, J.); *Schmidt v. Schmidt*, supra at 462 (2).

2. The General Assembly has codified the doctrine at issue: "Interspousal tort immunity, as it existed immediately prior to July 1, 1983, shall continue to exist on and after July 1, 1983." OCGA § 19-3-8. Even prior to that enactment, this Court held that the legislature was the appropriate body to make any changes in this area of the law:

> Although it is true that the doctrine is of common-law origin, it is of long-standing application; and it is not unrealistic to presume that people have come to rely on it. In addition, it is the General Assembly and not this court that possesses the resources for determining the viability of the various policy considerations. On matters such as whether husbands and wives should be allowed to sue each other in tort, the expressions of public policy should come from the legislative branch. [Cits.]

*Robeson v. Intl. Indemn. Co.*, 248 Ga. 306, 309-310 (4) (b) (282 SE2d 896) (1981). OCGA § 19-3-8 "appears to approve and perpetuate the then-existing case law, including *Robeson*." *Harris v. Harris*, 252 Ga. 387, 388 (1) (313 SE2d 88) (1984). Therefore, the law of interspousal tort immunity

> "is still the same as it was under the common law, that is, that marriage extinguishes antenuptial rights of action between the husband and the wife, and after marriage the wife cannot maintain an action against her husband based on a tortious injury to her person, though committed prior to coverture. [Cits.]" [Cit.]

*Robeson v. Intl. Indemn. Co.*, supra at 307 (1). See also *Nelson v. Spalding County*, 249 Ga. 334, 337 (3) (a) (290 SE2d 915) (1982); *Bassett v. Harrington*, 247 Ga. App. 425 (543 SE2d 798) (2000). *Robeson* cited *Wallach v. Wallach*, 94 Ga. App. 576 (95 SE2d 750) (1956), which further held that not even the prior entry of a divorce decree, in and of itself, would prevent application of the doctrine.

> "At common law and in the absence of constitutional or statutory provision affecting the matter, after divorce one of the former spouses cannot maintain an action against the other for a personal tort committed during coverture, nor can an action be maintained for a personal tort committed before marriage where the right of action therefor was extinguished by the marriage." [Cit.]

*Wallach v. Wallach,* supra at 578. *Wallach* was correctly followed in the post-1983 case of *Stanfield v. Stanfield,* 187 Ga. App. 722 (371 SE2d 265) (1988). If a divorce does not resurrect a prenuptial tort claim which was extinguished by the parties' marriage, then neither does a recent separation or pending divorce proceeding. *Carmichael v. Carmichael,* 53 Ga. App. 663 (2), (3) (187 SE 116) (1936). Therefore, the codification of interspousal tort immunity in 1983 included then existing case law which applied the doctrine to antenuptial tort claims filed after divorce or separation. It would be equally as inappropriate not to apply the doctrine in these circumstances on policy grounds as it would be to invalidate it on such grounds. *New v. Hubbard,* supra at 680 (1).

In *Harris v. Harris,* supra at 388 (2), this Court reversed a grant of summary judgment in favor of the husband based on interspousal immunity, because, under the "peculiar facts," there was no hint of collusion or fraud and there could be no marital harmony to be protected where the parties as of the time of the injury had been separated for 10 years, during which the husband was cohabiting with another woman known as his wife. The narrow exception of *Harris* applies only when marital harmony has been entirely absent from the relationship since the time of the injury, or perhaps its discovery. See *Fleming v. Fleming,* 246 Ga. App. 69, 70-71 (539 SE2d 563) (2000) (tort discovered during pending divorce action); *Bearden v. Bearden,* 231 Ga. App. 182 (499 SE2d 359) (1998). The exception cannot logically apply where, as here and in *Robeson,* the plaintiff knew about the alleged tort and the defendant's role, but then extinguished her cause of action by marrying the defendant. Moreover, Wife does not point to any evidence, beyond the mere filing of the divorce action, which shows an "extreme factual situation[ ]" as contemplated by *Harris. Stanfield v. Stanfield,* supra at 723. The instant case must be distinguished from those which involve " 'a lengthy separation or act of violence which clearly evidences the termination of marital harmony to a degree sufficient to deter any reasonable apprehension of collusion between the spouses or their estates.' " *Stanfield v. Stanfield,* supra at 723.

Thus, the trial court erred in denying Husband's motion for summary judgment because there was no genuine issue of material fact remaining and Husband was entitled to judgment as a matter of law based on the doctrine of interspousal tort immunity. Furthermore, it is well settled that the doctrine, as codified in OCGA § 19-3-8, does not violate the due process or equal protection provisions of the state or federal constitutions. *Harris v. Harris,* supra at 387-388 (1); *Robeson v. Intl. Indemn. Co.,* supra at 307 (2). As mentioned in Division 1, however, Wife challenges the constitutionality of the doctrine as applied, but the trial court did not rule on that issue. Accordingly, we

reverse the judgment of the trial court and remand the case for consideration of any constitutional questions properly raised. *New v. Hubbard*, supra at 681 (3).

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

*Shur, McDuffie, Williams & Morgan, Robert A. DeMetz, Jr.*, for appellant.

*Michael L. Chidester*, for appellee.