[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2005
THOMAS K. KAHN
CLERK

No. 04-16220
Non-Argument Calendar

_____

D.C. Docket No. 04-00019-CV-HL-6

DENNY C. CORMIER,

Plaintiff-Appellant,

versus

MARIA GREEN, Acting Director,
Georgia Department of Human Resources,
in her official capacity,
GEORGIA DEPARTMENT OF HUMAN
RESOURCES, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 12, 2005)**

Before ANDERSON, BIRCH and FAY, Circuit Judges

PER CURIAM:

Plaintiff-Appellant Denny C. Cormier, a Georgia resident, appeals pro se the district court's dismissal of his civil action, which was filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201,[1] and 42 U.S.C. § 1983, against the Georgia Department of Human Resources ("GDHR"); Maria Green, in her official capacity as Acting Commissioner of the GDHR; the Georgia Board of Human Resources ("GBHR"); Bruce E. Cook, in his official capacity as Chairman of the GBHR; the Colquitt County Superior Court; and the Honorable H. Arthur McLand, in his official capacity as Chief Judge of the Colquitt County Superior Court ("the defendants"). The court's dismissal was based on the doctrine of abstention as set forth in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Cormier also appeals the court's denial of his post-judgment motion, which, as discussed below, should be construed as a Fed.R.Civ.P. 59(e) motion for reconsideration. Cormier argues on appeal that the district court abused its discretion both in dismissing his complaint, and in denying his post-judgment motion. For the reasons set forth more fully below, we affirm.

---

[1] The Declaratory Judgment Act provides, in part, that "[i]n a case of actual controversy within its jurisdiction, . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." See 28 U.S.C. § 2201(a).

In April 2004, Cormier filed a pro se civil complaint against the defendants, challenging under both the U.S. Constitution and the Georgia Constitution the State of Georgia's permanent alimony provisions, as contained in O.C.G.A. §§ 19-6-1 through 19-6-35. Cormier explained that his state divorce proceedings with his wife, Nancy Cormier, were initiated in October 2003, and these proceedings were pending when he filed the instant action. Cormier also asserted that the named defendants were the Colquitt County, Georgia, officials who would enforce any alimony orders that were entered as part of these divorce proceedings. Cormier identified his wife as an "interested party" and gave her notice, but he did not list her as a named defendant.

Cormier asserted in this complaint that he had suffered an "injury in fact" because, as part of these state divorce proceedings, (1) his marriage was being invaded and examined, (2) his titled property and monies were being assigned to his wife, and (3) he had been placed in jeopardy of civil and criminal contempt. Cormier also stated that he had not raised his constitutional challenges to Georgia's alimony provisions as part of these state court proceedings. As relief, Cormier sought either injunctive relief under § 1983, or a declaration by the court, under § 2201, that Georgia's alimony provisions violated (1) the right to privacy, protections of the equal protection clause, and prohibitions against involuntary

3

servitude, as contained in the U.S. Constitution; and (2) the right to privacy, due process provisions, equal protection provisions, privileges and immunities clause, prohibitions on involuntary servitude, and prohibitions against legislation based on social status, as guaranteed by the Georgia Constitution.

In lieu of answering this complaint, the defendants filed a joint motion to dismiss, based on the doctrine of abstention in Younger.  The defendants explained that, because Cormier's constitutional claims could be raised and addressed as part of his state divorce proceedings, the district court should not intervene.  On June 21, 2004, Cormier responded that the court should deny the defendants' motion to dismiss because (1) the defendants had failed to show the existence of a parallel state proceeding based on the same claims and between the same parties, (2) Cormier might be liable for his wife's costs if he raised the same constitutional challenges in state court, (3) Cormier was not attempting to use the federal court to enjoin a state-court proceeding, and (4) no important state interests were implicated by his federal claims.

The district court granted the defendants' motion to dismiss and entered judgment for them.[2]  In doing so, the court initially explained that, although the

_____

[2] In addition to dismissing Cormier's federal claims, the court also declined to exercise supplemental jurisdiction over Cormier's pending state law claims, pursuant to 28 U.S.C. § 1367(c).  Because Cormier has not challenged in his appeal brief this decision not to exercise

Declaratory Judgment Act is not an independent ground for jurisdiction, the court had subject-matter jurisdiction because Cormier was (1) challenging federal constitutional provisions, and (2) seeking relief pursuant to § 1983. The court discussed that discretionary relief under the Declaratory Judgment Act was unwarranted because the claims raised could be raised as part of Cormier's divorce proceedings in state court, despite that the named defendants in the instant case were not parties in the divorce proceedings. The court also determined that, although Cormier might incur his wife's expenses in defending the constitutional claims if they were raised in state court, the benefits of having the state court determine these claims outweighed this potential cost, and this potential cost would be limited by Cormier's ability to pay.

Furthermore, the court concluded that, to the extent Cormier also was seeking injunctive relief, the court was abstaining pursuant to the Younger doctrine. The court explained that, although Cormier may not have directly requested that the court intervene in the state divorce proceedings, a ruling by the court on the issues in his complaint would have that effect. The court also determined that Cormier's claims implicated the important state interest of

---

supplemental jurisdiction, we conclude that he has abandoned any arguments on it. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (issues not argued in initial brief are deemed abandoned).

determining and enforcing alimony awards. Finally, the court summarily stated that "[r]espect for the right of the State of Georgia to perform its domestic function dictates that [the court] should abstain from deciding Cormier's entitlement to injunctive relief."

Within ten days of the court's entry of its order dismissing his complaint, Cormier filed a motion for reconsideration, purportedly pursuant to Fed.R.Civ.P. 60(a) and (b). Cormier asserted in support of this pleading that (1) through "inadvertence and a good faith mistake," the district court was unaware that Cormier had removed his divorce proceedings to the district court on June 24, 2004; (2) Cormier had notified the court of this related case by completing and filing with the removal a "JS 44" civil cover sheet; and (3) Cormier had acted in good faith in removing the divorce proceeding to federal court. Cormier, thus, argued that the dismissal was unwarranted because no state court proceeding existed. Cormier also attached as exhibits copies of (1) his pro se notice of removal; (2) his civil cover sheet in the removal proceeding; and (3) a copy of a contempt motion for arrearages of temporary alimony, which was entered by the state court on May 26, 2004.

The defendants responded that, to the extent Cormier removed his divorce proceedings to federal court, (1) other than filing his civil cover sheet, he failed to

notify the court of the removal; (2) the removal appeared to be done in bad faith; and (3) the removal was filed well past the 30-day time period permitted for removals under 28 U.S.C. § 1446(b). The defendants further contended that, regardless of the removal, Cormier still should raise his claims as part of his divorce proceedings.

The court denied this post-judgment motion, concluding that Rule 60 relief was not warranted. In doing so, the court also (1) stated that it was "strongly of the opinion" that Cormier had acted in this case with the intent of harassing the defendants and parties in related proceedings and to cause delay; (2) directed Cormier to familiarize himself with Fed.R.Civ.P. 11; and (3) advised him that similar harassing conduct within the court's jurisdiction would result in sanctions.

Cormier argues on appeal that the court erred in dismissing his complaint because, after he removed his divorce proceedings to federal court, no state proceedings existed and Younger abstention, therefore, was not applicable. Cormier also contends that the court's dismissal was erroneous because (1) none of the defendants in the instant case were parties in the state divorce proceedings, (2) Cormier might be liable for his wife's expenses if she had to defend Georgia's permanent alimony provisions against his constitutional challenges in state court, and (3) the defendants had failed to establish an important state interest. In

addition, Cormier (1) contends that the district court had subject-matter jurisdiction, and generally reasserts his constitutional challenges.[3]

We review a district court's decision to abstain from exercising its jurisdiction for an abuse of discretion. Wexler v. Lepore, 385 F.3d 1336, 1338 (11th Cir. 2004). The Supreme Court has stated that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Id., 424 U.S. at 813, 96 S.Ct. at 1244.

Nevertheless, as discussed above, in Younger, the Supreme Court ordered a federal court to abstain from hearing a plaintiff's constitutional challenge of a state

---

[3] To the extent Cormier is asserting that the district court had subject-matter jurisdiction, the district court, itself, found that subject-matter jurisdiction existed, but, nevertheless, granted the defendants' motion to dismiss. Moreover, because, as analyzed below, the court did not abuse its discretion in dismissing the action under Younger abstention, we need not review Cormier's underlying constitutional challenges. See Adler v. Duval County School Bd., 112 F.3d 1475, 1479 (11th Cir. 1997) (recognizing that "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them"). Finally, to the extent the defendants assert in response that we should impose "sanctions" because Cormier failed to state in his appellate brief that his divorce proceedings subsequently were remanded back to the state court, Cormier is proceeding pro se, and the defendants have provided no evidentiary support showing that such remand occurred. Thus, we will not impose sanctions. See Woods v. Internal Revenue Service, 3 F.3d 403, 404 (11th Cir. 1993)(declining to grant the government's request for the Court to impose sanctions for frivolous appeal because the appellant was proceeding pro se).

criminal statute under which he was being prosecuted, concluding that a sufficient state forum existed for the plaintiff to raise his claim. Younger, 401 U.S. at 53-54, 91 S.Ct. at 755. Moreover, although Younger involved state criminal proceedings, the Supreme Court subsequently determined that Younger abstention is "fully applicable to noncriminal judicial proceedings when important state interests are involved." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). Thus, Younger abstention is applicable if (1) there are pending state proceedings, (2) the proceedings implicate important state interests, and (3) the proceedings provide an adequate opportunity for raising federal constitutional questions. 31 Foster Children v. Bush, 329 F.3d 1255, 1274-75 (11th Cir. 2003) (citing Middlesex, 457 U.S. at 432, 102 S.Ct. at 2515).

Cormier contends that abstention was not warranted under the first Middlesex requirement of a pending state proceeding because he removed his divorce proceedings to the district court after he filed the instant action. However, the date a plaintiff files his or her federal complaint is the relevant date for purposes of determining the applicability of Younger abstention. See Liedel v. Juvenile Court of Madison County, Ala., 891 F.2d 1542, 1546 n.6 (11th Cir. 1990); see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17, 107 S.Ct. 1519, 1529, 95

9

L.Ed.2d 1 (1987) (holding that <u>Younger</u> abstention applies if state court proceedings were pending at the time of the filing of the federal complaint). Because Cormier conceded in his complaint that state proceedings were pending when he filed the instant complaint, the first <u>Middlesex</u> factor was satisfied.[4]

Under the second <u>Middlesex</u> factor, Cormier asserts that the defendants failed to identify an important state interest that would be implicated by his constitutional claims. However, the Supreme Court has determined that states have important interests in administering certain aspects of their judicial systems that are sufficient to support the invocation of <u>Younger</u> abstention, even in the context of civil proceedings involving purely private parties. <u>See</u> <u>Pennzoil</u>, 481 U.S. at 14, 107 S.Ct. at 1527. Concluding that a federal court should have abstained on <u>Younger</u> grounds in the context of a civil punitive award, the <u>Pennzoil</u> Court explained:

> Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained. So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions

---

[4] Although we have determined that an important component of the first <u>Middlesex</u> factor is whether the federal proceeding will interfere with an ongoing state court proceeding, <u>see</u> <u>31 Foster Children</u>, 329 F.3d at 1276, Cormier has abandoned argument on this component by failing to raise it on appeal, <u>see</u> <u>Access Now</u>, 385 F.3d at 1330.

> presented in state-court litigation mandates that the federal court stay
> its hand.

See id. Following this reasoning, we similarly concluded in Old Republic Union

Ins. Co. v. Tillis Trucking Co., Inc., 124 F.3d 1258 (11th Cir. 1997), that abstention

on Younger grounds was warranted because, for the district court to award the

plaintiff the declaratory relief sought, the federal court would have had to

determine that the State of Alabama's procedures for awarding damages under its

wrongful death statutes were inadequate. See id. at 1264.

Moreover, the Georgia Supreme Court has determined that Georgia "has a

substantial interest in enforcement of all of the orders of its court, . . . and an

especially strong interest in enforcement of alimony judgments." See Smith v.

Smith, 330 S.E.2d 706, 708 (Ala. 1985). The Georgia Supreme Court further

explained in Smith that "when a court directs the payment of alimony, it is a duty

owed, not only to the needy spouse but to the public." See id. at 708 n.4 (internal

quotations and marks omitted). Because the declaratory relief Cormier was seeking

in the instant action would have impacted the enforcement of Georgia's permanent

alimony provisions, and these provisions involve an important state interest, the

second Middlesex factor also was satisfied.

11

Finally, under the third Middlesex factor, Cormier had the burden of showing that the state divorce proceedings did not provide an adequate remedy for his federal claims. See 31 Foster Children, 329 F.3d at 1279. "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." Id. (quoting Middlesex, 457 U.S. at 431, 102 S.Ct. at 2521) (emphasis in original)). Thus, a federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." 31 Foster Children, 329 F.3d at 1279 (quoting Pennzoil, 481 U.S. at 15, 107 S.Ct. at 1528). Moreover, in determining whether state remedies are adequate, we have concluded:

> [W]hether a claim would likely be successful on the merits in the state court is not what matters. Instead, what matters is whether the plaintiff is procedurally prevented from raising his constitutional claims in the state courts, from which a certiorari petition can be filed seeking review on the merits in the United States Supreme Court.

Pompey v. Broward County, 95 F.3d 1543, 1551 (11th Cir. 1996) (emphasis in original).

Applying this analysis to Georgia's alimony provisions, Cormier may raise his federal constitutional challenges as part of his state divorce proceedings. See Stitt v. Stitt, 253 S.E.2d 764, 765 (Ga. 1979) (holding that temporary alimony statutes violated federal equal protection of the laws because they failed to allow

12

alimony awards to husbands); see also Sims v. Sims, 253 S.E.2d 762, 762 (Ga. 1979) (invalidating as a violation of federal equal protection a "live in lover" bill that provided for modification of alimony of the wife, but not of the husband). Indeed, an appeal from the final judgment in a divorce proceeding is within the jurisdiction of the Georgia Supreme Court, even if the only issue is custody or some other issue ancillary to divorce and alimony. See Gates v. Gates, 587 S.E.2d 32, 33 (Ga. 2003).

To the extent Cormier also is arguing that he would be responsible for reimbursing his wife for defending these challenges as part of their state divorce proceedings, Georgia law provides that the "grant of attorney's fees as a part of the expenses of litigation . . . whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case . . . shall be . . . [w]ithin the sound discretion of the court." See Thedieck v. Thedieck, 470 S.E.2d 265, 267 (Ga. Ct. App. 1996) (quoting O.C.G.A. § 19-6-2(a)(1)). This statute, however, includes that a court must consider the financial circumstances of both parties as part of its determination regarding the amount of attorney fees. See id. Cormier, therefore, also did not meet his burden of showing that Georgia's divorce proceedings failed to provide an adequate remedy for his federal constitutional challenges. See 31 Foster Children, 329 F.3d at 1279. Thus,

13

all the factors for <u>Younger</u> abstention were met, and the district court did not abuse its discretion in dismissing Cormier's complaint. <u>See</u> <u>id.</u> at 1274-75; <u>see also</u> <u>Wexler</u>, 385 F.3d at 1338.[5]

In addition, to the extent Cormier was seeking relief under the Declaratory Judgment Act, "[s]ince its inception, [this Act] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the right of litigants." <u>Old Republic</u>, 124 F.3d at 1260 (quoting <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 284, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995)). Factors to be considered in determining whether to exercise this discretion include the scope of the pending state proceeding, the nature of the applicable defenses in state court, whether the claims of all parties in interests can be adjudicated in the proceeding, and whether all necessary parties have been joined. <u>Wilton</u>, 515 U.S. at 283, 115 S.Ct. at 2141.

---

[5] As the district court briefly noted in its order denying Cormier's post-judgment motion, and the defendants assert in their response brief, the Supreme Court in <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), reaffirmed the "domestic relations exception" to exercising diversity jurisdiction and noted that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." <u>See</u> <u>id.</u>, 504 U.S. at 703-06, 112 S.Ct. at 2215-16. The Court further explained in <u>Ankenbrandt</u> that, even when subject-matter jurisdiction might be proper, such as in the instant case, sufficient grounds may exist to warrant a court's abstention from the exercise of jurisdiction in cases involving elements of a domestic relationship. <u>See</u> <u>id.</u> at 704, 112 S.Ct. at 2215. Nevertheless, because the district court did not abuse its discretion in abstaining under <u>Younger</u>, we need not determine whether the "domestic relations exception" is applicable in the instant case.

14

However, "[c]onsistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment . . .." Id. at 288, 115 S.Ct. at 2143. In addition, the principles of Younger apply to declaratory judgments that would effectively enjoin state proceedings. Old Republic, 124 F.3d at 1261 (citing Samuels v. Mackell, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971)). As discussed above, Cormier may raise his constitutional challenges to Geogia's alimony provisions as part of his state divorce proceedings, see Gates, 587 S.E.2d at 33, and Georgia has an important state interest in enforcing these provisions, see Smith, 330 S.E.2d at 708. Thus, the court also did not abuse its discretion in deciding not to exercise its discretion under the Declaratory Judgment Act.

Cormier also argues on appeal that the court erred in denying his post-judgment motion because, following his filing of his civil complaint in federal court, he removed the divorce proceedings to federal court. Cormier asserts that, in the absence of a pending state proceeding, the district court abused its discretion by not reconsidering the issue of abstention. Cormier also contends for the first time on appeal that the district court erred in including in its order denying post-judgment relief that Cormier should not file in the court further constitutional challenges to Georgia's alimony provisions.

"A post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought." Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997). We treat a motion that is filed within ten business days of the entry of judgment and that asks for reconsideration of matters encompassed in the judgment as a motion under Rule 59(e). Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988). Here, Cormier cited to Rule 60(a) and (b) in filing his post-judgment motion. However, because Cormier filed this motion within ten days of the court's entry of its judgment for the defendants, and because Cormier was seeking the court's reconsideration of matters encompassed in the judgment, we construe it as a Rule 59(e) motion. See Finch, 845 F.2d at 258-29.

We review the denial of a Rule 59(e) motion for abuse of discretion. Lambert v. Fulton County, Ga., 253 F.3d 588, 598 (11th Cir. 2001). "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001). Moreover, when a party attempts to introduce previously unsubmitted evidence as part of a motion to reconsider, the

16

court should not grant relief absent some showing that the evidence previously was unavailable.  Mays, 122 F.3d at 46.

Cormier asserted in his Rule 59(e) motion that the court should reverse its judgment because Cormier had removed his divorce proceedings to federal district court; therefore, Younger abstention no longer was applicable.  However, in Cormier's June 21, 2004, response to the defendants' motion to dismiss, he failed to discuss his intent to remove these proceedings, or to explain how this removal would impact the defendants' arguments in support of abstention.  In addition, after Cormier removed his divorce proceedings to the district court on June 24, 2004, he failed to move to supplement this response.  Thus, Cormier failed to show that this argument, and the evidence on which he was relying in filing his Rule 59(e) motion, were previously unknown or unavailable, and the district court did not abuse its discretion in denying this motion.  See Sanderlin, 243 F.3d at 1292; see also Mays, 122 F.3d at 46.

Finally, to the extent Cormier is arguing  for the first time that the court erred in directing him not to file in the district court further constitutional challenges to Georgia's permanent alimony provisions, we decline to review this argument in the first instance.  See Stavropoulos v. Firestone, 361 F.3d 610, 616 n.6 (11th Cir. 2004) (declining to consider a legal theory that was not presented to the district

17

court), <u>cert. denied</u>, 125 S.Ct. 1850 (2005). Regardless, under the All Writs Act, "[t]he Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. A court's power to protect its jurisdiction under this Act includes:

> the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts.

<u>Riccard v. Prudential Ins. Co.</u>, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002). Because the court's order was in response to what the court construed as bad conduct on the part of Cormier, and because this order did not completely foreclose Cormier from accessing the courts, the court was acting within its authority under the All Writs Act.

Accordingly, we conclude that the district court did not abuse its discretion either in dismissing Cormier's federal complaint, or in denying his Rule 59(e) motion for post-judgment relief. We, therefore, affirm.

**AFFIRMED.**

18