S05D1712. EGELAND v. EGELAND.

(619 SE2d 596)

ORDER OF THE COURT.

In this pending divorce action, applicant filed a discretionary application for appeal seeking review of an order awarding custody of the parties' minor children. Because no final judgment of divorce has issued, the case does not invoke the subject matter jurisdiction of this Court conferred by Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (6). See *Gates v. Gates,* 277 Ga. 175 (1) (587 SE2d 32) (2003); *Munday v. Munday,* 243 Ga. 863 (257 SE2d 282) (1979). Accordingly, the case is hereby transferred to the Court of Appeals.

*All the Justices concur, except Sears, C. J., Hunstein, P. J., and Thompson, J., who dissent.*

HINES, Justice, concurring.

I concur fully with the order transferring this case to the Court of Appeals. I write separately to note that this area of appellate jurisdiction is well settled. "This court no longer has a jurisdictional basis for entertaining appeals involving child custody questions *unless* the appeal also involves a *judgment* for divorce and alimony." (Emphasis supplied.) *Carter v. Foster,* 247 Ga. 26 (273 SE2d 614) (1981).

> Where, as here, an appeal is not from a final judgment, but is *interlocutory* or is from a contempt or other subsequent order, and the sole issue on appeal involves only a contract or tort claim or any matter other than divorce or alimony, then

---

the appeal does not constitute a divorce or alimony case within the meaning of our state constitution.

(Emphasis supplied.) *Gates v. Gates*, 277 Ga. 175, 176 (1) (587 SE2d 32) (2003). See also *Ashburn v. Baker*, 256 Ga. 507, 508 (1) (350 SE2d 437) (1986); *Munday v. Munday*, 243 Ga. 863 (257 SE2d 282) (1979).

Our precedent is clear; when no award of alimony or decree of divorce is being challenged, jurisdiction is not in this Court under Article VI, Section VI, Paragraph III (6) of the Constitution of the State of Georgia.

I am authorized to state that Justice Carley joins in this concurrence.

HUNSTEIN, Presiding Justice, dissenting.

I dissent to the transfer of this application for discretionary appeal to the Court of Appeals because I believe the Supreme Court of Georgia has subject matter jurisdiction over interlocutory child custody orders issued during the pendency of a divorce proceeding. The Georgia Constitution confers jurisdiction over all divorce and alimony cases to this Court. Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (6). Consistent with this mandatory provision, we have held that an appeal from the final judgment in a divorce case is within this Court's jurisdiction even if the only issue raised on appeal is custody or some other issue ancillary to divorce and alimony. *Ashburn v. Baker*, 256 Ga. 507, 508 (1) (350 SE2d 437) (1986). I discern no reason and the Court's order today provides no explanation for the disparate treatment of final and interlocutory child custody orders issued in pending divorce cases. Indeed, such treatment gives rise to inconsistencies in our jurisdiction, thereby creating greater unpredictability in an already unpredictable area of the law and imposes greater expense on those litigants who file in the wrong appellate court. While today's order may make clear that review of interlocutory child custody orders should be sought in the Court of Appeals, it is less clear which court has jurisdiction when such orders include an award of temporary alimony or division of property.

Moreover, neither *Munday v. Munday*, 243 Ga. 863 (257 SE2d 282) (1979), on which the majority relies, nor any other case cited in the Court's order stands for the proposition that jurisdiction over interlocutory child custody orders filed in pending divorce cases lies in the Court of Appeals. *Munday* holds only that following the enactment of the Georgia Child Custody Intrastate Jurisdiction Act of 1978, this Court no longer has jurisdiction over habeas corpus complaints seeking a change of child custody. The application in this appeal does not involve habeas corpus and, therefore, is not controlled by *Munday*.

It already is difficult enough for everyone involved to determine the jurisdictional parameters of our appellate courts without the majority needlessly compounding the problem by splintering divorce cases into component parts. When a couple decides to divorce, all of the legal aspects involved — the dissolution of the marriage, the division of the marital estate, entitlement to alimony and the custody and support of the children — should be considered by one appellate court, this Court. Therefore, I respectfully dissent to the transfer of this application to the Court of Appeals.

I am authorized to state that Chief Justice Sears and Justice Thompson join in this dissent.

ORDERED AUGUST 4, 2005.

*Rowe, Rowe & Thomas, Felicia P. Rowe*, for appellant.
*Knight & Associates, Ruby L. Knight*, for appellee.