# Court of Appeals
# of the State of Georgia

ATLANTA,   September 22, 2016

*The Court of Appeals hereby passes the following order:*

**A17I0022.  NICOLE LYNETTE-ZERBEL IVERS v. JOHN THOMAS IVERS.**

Nicole Lynette-Zerbel Ivers ("the Mother") filed for divorce from John Thomas Ivers ("the Father") in the country of Qatar.  The Father then filed for divorce in Georgia.  On August 12, 2016, after finding it had jurisdiction to make an initial custody determination under OCGA § 19-9-61 (a) (2) and 4, the trial court entered a temporary order in the pending divorce action awarding primary physical custody of the parties' children to the Father and setting forth visitation for the Mother.  The Mother obtained a certificate for immediate review on August 29, 2016.  The Mother then filed this application for interlocutory appeal in this Court.[1]

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had.  If the certificate of immediate review is not entered within that ten-day period, it is untimely.  See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973).  Although the Mother obtained a certificate of immediate review, it was issued seventeen days after entry of the order on appeal.  If the Mother's right to apply for an appeal was frustrated due to a trial court error, her remedy is to petition the trial court to vacate and re-enter the order in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-49 (1) (269 SE2d 426) (1980).  This circumstance, however, does not extend the ten-day time period during

---

[1] Because the challenged order is interlocutory, this appeal does not fall within the Supreme Court's jurisdiction over divorce and alimony cases.  See *Egeland v. Egeland*, 279 Ga. 565 (619 SE2d 596) (2005).

which an interlocutory order may be certified for immediate review. OCGA § 5-6-34 (b); see generally *Turner*, supra.

Accordingly, we lack jurisdiction to consider this interlocutory application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  09/22/2016
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*