[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2006
THOMAS K. KAHN
CLERK

No. 06-10802
Non-Argument Calendar

_____

D. C. Docket Nos.
05-22101-CV-CMA
00-50881 BKC-RB

In Re:  NICOLAS LAURENT,

Debtor.

_____

NICOLAS LAURENT,

Plaintiff-Appellant,

versus

SELECT PORTFOLIO SERVICING, INC.,
NANCY N. HERKERT, CHAPTER 13 TRUSTEE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 18, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Nicolas Laurent, a Chapter 13 debtor proceeding pro se, appeals the district court's dismissal of his appeal from the bankruptcy court's order concluding that at the time of the foreclosure proceedings on Laurent's house, there was no automatic stay in effect. On appeal, Laurent argues that the district court erred by dismissing his appeal without providing him with notice and an opportunity to appear, in violation of due process. He also asserts that Select Portfolio Servicing, Inc. ("Select"), the mortgagor's servicing agent, engaged in fraud when it (1) breached the terms of a promissory note that he had signed with a third party, (2) executed the foreclosure action, and (3) charged excessive and illegal fees.[1] We affirm.

The relevant facts are these. In 2000, Laurent filed a Chapter 13 bankruptcy case, thereby temporarily staying a foreclosure on his home. After a series of dismissals and reinstatements, the case was dismissed for the final time on January 7, 2004. On February 2, 2004, Laurent filed a motion for automatic stay of execution, seeking to extend the automatic stay through April 7, 2004, and a

---

[1]Laurent's additional argument, that the district court could not deny his appeal because he had timely filed documents and paid the proper fees, is without merit since it is clear that the district court ruled on the merits of his appeal and did not deny it based upon any procedural deficiencies.

2

Motion to Reinstate. The bankruptcy court denied the motion to reinstate, but did not explicitly rule on the motion for an automatic stay.

Over one year later, on April 21, 2005, the mortgagor, for which Select Portfolio Servicing, Inc. ("Select") was the servicing agent, executed a foreclosure action on Laurent's home in state court, and Laurent's home was sold. The state court, however, declined Select's request to transfer title, noting that the bankruptcy court had not yet resolved Laurent's February 2, 2004 motion for an extension of the automatic stay.

Thereafter, on May 13, 2005, Select filed a "Motion for Declaration that the Automatic Stay is Not in Effect" in the bankruptcy court. On June 15, 2005, the bankruptcy court granted Select's motion, finding that the automatic stay had not been in effect since it had dismissed the case on January 7, 2004. Laurent appealed from that decision to the district court, which affirmed the bankruptcy court. This appeal followed.

When reviewing an appeal from a bankruptcy proceeding, we review legal determinations de novo, whether from the bankruptcy court or district court, and review the bankruptcy court's factual findings for clear error. In re Simmons, 200 F.3d 738, 741 (11th Cir. 2000). The denial of a motion to alter or amend judgment is reviewed for an abuse of discretion. See Mays v. United States Postal Serv., 122

3

F.3d 43, 46 (11th Cir. 1997) (reviewing a district court's ruling on a Fed. R. Civ. P. 59(e) motion to alter or amend judgment).

Upon filing a petition for bankruptcy, an automatic stay is imposed and continues until the earliest of the following: the case is (1) closed; (2) dismissed; or (3) discharged. 11 U.S.C. § 362(c)(2). Parties have ten days in which to appeal a judgment or order of the bankruptcy court. Fed. R. Bank. P. 8002(a).

On appeal, Laurent does not address the substance of either the district court's or the bankruptcy court's decisions. Instead, he summarily asserts that the stay was in effect at the time when his house was foreclosed upon. Other than a recitation of the facts and unsupported allegations of fraud and conspiracy, Laurent's brief reveals no discernable issue for our review, despite that we have construed the brief liberally, as is our custom with pro se briefs. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). When a party "elaborates no arguments on the merits as to [an] issue in its initial or reply brief . . . the issue is deemed waived." Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (emphasis added). On this record, we conclude Laurent has waived his arguments on the merits as to the underlying decisions.

Moreover, we observe that the thrust of Laurent's arguments in the district court was that the bankruptcy court had, in fact, granted an extension of the

automatic stay through April 7, <u>2004</u>.  However, whether or not an extension was granted as to that date is inapposite since the foreclosure of Laurent's house did not occur until April <u>2005</u>.  Moreover, to the extent Laurent implies that the automatic stay was in effect sometime after January 2004, he does not point to any order reinstating the stay and our own review of the record has not revealed such an order.

In sum, by not raising them in his brief, Laurent has waived his claims on the merits concerning the underlying proceedings.  Consistent with our policy of construing <u>pro</u> <u>se</u> briefs liberally, we have reviewed the arguments he raised on appeal in the district court and have found no basis for reversal.

**AFFIRMED.**