[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-12407
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-21438-CV-JEM
BKCY No. 00-50881-BKC-RB

In Re: NICOLAS LAURENT,

                                                                        Debtor.

_____

NICOLAS LAURENT,

                                                        Plaintiff-Appellant,

versus

NANCY N. HERKERT, Trustee,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 29, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Nicolas Laurent, a Chapter 13 debtor proceeding pro se, appeals the district court's affirmance of the bankruptcy court's April 19, 2005 order discharging the Trustee and closing his case. On appeal, Laurent argues that the bankruptcy court prematurely entered its order. According to Laurent, the order resulted in an improper foreclosure on his home prior to expiration of the 10-day stay under Rule 62 of the Federal Rules of Civil Procedure and Rule 8017 of the Federal Rules of Bankruptcy Procedure, which Laurent contends followed entry of the April 19th order. He suggests that the foreclosure was a violation of the automatic stay and should be vacated.[1] When reviewing an appeal from a bankruptcy proceeding, we review legal determinations de novo, whether from the bankruptcy court or district court, and review the bankruptcy court's factual findings for clear error. In re Simmons, 200 F.3d 738, 741 (11th Cir. 2000). We affirm.[2]

Upon filing a petition for bankruptcy, an automatic stay is imposed and continues until the earliest of the following: the case is (1) closed; (2) dismissed; or

---

[1] At the outset, we observe that we are without power to award this type of relief, as the foreclosure order was entered by a state court. Cf. Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (holding that "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts").

[2] We reject without further discussion Laurent's challenge to the district court's denial of his motion to alter or amend the judgment. Because Laurent presented no new evidence, nor did he show that the district court had made a manifest error of law or fact, he was not entitled to relief. See In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (observing that "[t]he only grounds for granting [debtor's] motion [to alter or amend] are newly-discovered evidence or manifest errors of law or fact").

(3) discharged. <u>See</u> 11 U.S.C. § 362(c)(2). Pursuant to Rule 62(a), "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." Fed. R. Civ. P. 62(a). However, in the bankruptcy context, Rule 62 applies <u>only</u> in "adversary proceedings." Fed. R. Bank. P. 7062. Rule 7001 of the Federal Rules of Bankruptcy Procedure lists the types of adversary proceedings, none of which encompasses the proceedings involved in this case. Accordingly, the 10-day stay provision of Rule 62(a) does not apply to Laurent's bankruptcy case and the district court did not err by entering its order discharging the Trustee and closing the case.[3]

**AFFIRMED.**

---

[3]Even if the provision did apply to a case such as this one, the crux of Laurent's appeal is a challenge to the foreclosure of his home as violative of the automatic stay. We have already decided in a prior appeal that no automatic stay was in effect at the time of the foreclosure. <u>See</u> <u>In re Laurent</u>, No. 06-10802 (11th Cir. Jul. 18, 2006) (unpublished). As for Laurent's arguments concerning the Trustee's actions relating to the administration of his payment plan and his claim that the bankruptcy judge was biased against him, we will not consider these issues because they are raised for the first time on appeal. <u>Walker v. Jones</u>,10 F.3d 1569, 1572 (11th Cir. 1994).