United States Court of Appeals,

Eleventh Circuit.

No. 96-7010

Non-Argument Calendar.

Elaine M. MAYS, Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE, Marvin T. Runyon, in his individual and official capacity as Postmaster General, Larry Hall, in his individual and official capacity as Superintendent of Postal Operations-Auburn Post Office, Dan McLaughlin, in his individual and official capacity as Postmaster-Auburn Post Office, Defendants-Appellees.

Sept. 15, 1997.

Appeal from the United States District Court for the Middle District of Alabama. (No. CV-95-D-559-E), Ira DeMent, Judge.

Before ANDERSON and BLACK, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

This is an appeal from the district court's grant of summary judgment to the defendants and denial of the plaintiff's motion for reconsideration in an action under Title VII of the Civil Rights Act of 1964. Essentially, the district court found that during the probationary period of her employment, the plaintiff had not met a requirement necessary for permanent employment and since she was terminated for that reason, the termination was not discriminatory.[1] The plaintiff filed a motion for reconsideration and submitted several affidavits in support of her claims, but the district court denied the motion. For the reasons listed below, we AFFIRM the district court's decisions.

The appellant is a black female who was hired by the Postal Service as a part-time flexible carrier and was required to undergo a ninety-day probationary period, during which she was subject to discharge at any time. During the probationary period, her supervisors evaluated her performance at regular intervals. One requirement for permanent employment consisted of casing at least five linear feet of segmented mail per hour. When the appellant had not met the performance

---

[1]The complete facts are set forth in the district court's opinion at *Mays v. U.S. Postal Service,* 928 F.Supp. 1552 (M.D.Ala.1996).

requirement for casing segmented mail after 60 days' employment, her immediate supervisor recommended that she be terminated. The Postmaster decided to give appellant additional time and training on the casing of segmented mail in order to enable her to meet the requirement. The appellant never met the requirement, although she made a total of 21 attempts. The Postmaster made a final determination at the appellant's 88-day evaluation that she would be terminated.

Two white male employees were also on probationary status at approximately the same time as the appellant. These individuals met the segmentation casing standard and were retained. One met the requirement after eight attempts, and the other met the requirement after 11 attempts.

The appellant filed a timely complaint with the EEOC alleging that she had been discriminated against on the basis of race and sex in connection with her termination. Following an investigation and hearing, the EEOC affirmed the final agency decision and adopted an Administrative Law Judge's recommended finding that the appellant had not been discriminated against in connection with her discharge. The appellant brought this suit seeking relief against several defendants on numerous causes of action, stating that two white males were given more training in case segmentation. The district court dismissed all of the claims except the Title VII claim,[2] and found that the appellant's Title VII claim was unsuccessful because she was terminated for failure to meet the required standard for case segmentation.

The appellant then filed a motion for reconsideration and submitted her own affidavit and several affidavits from other postal workers supporting her argument that the standard for the case segmentation was applied differently to her because of her race and sex. Those affidavits stated that appellant's supervisor had planned to terminate her regardless of whether she successfully completed casing, that one of the two white males was having continuous problems since his completion of probation, and that two of the affiants had not been subject to any standard regarding segmentation

---

[2]The district court correctly found that Title VII provides the exclusive remedy for the appellant's claims of discrimination in federal employment, and dismissed all of her claims other than those brought under Title VII. *See Brown v. General Services Administration,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976).

during their probationary period with the Postal Service. The district court denied the motion for reconsideration.

On appeal, the appellant argues that the district court erred in granting summary judgment to the defendants because the evidence showed that the defendants discriminated against her in giving her less training in case segmentation than was given to the white male trainees. She also argues that the district court failed to consider the evidence she submitted in her motion for reconsideration.

The record does not support the appellant's argument that she received less training in case segmentation than the two white male trainees. The record shows that she received twice as much training for case segmentation than either of the two white males, but failed to achieve the goal necessary for permanent employment, and that both of the white males achieved the goal. The district court did not err in granting summary judgment to the defendant for this reason.

A post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought.[3] Here, the relief sought was the setting aside of the grant of summary judgment, denial of the defendant's motion for summary judgment, and trial on the merits of the case. Thus, it is properly characterized as a Rule 59(e) motion to alter or amend the judgment, rather than a Rule 60 motion for relief from the judgment. This court will not overturn a denial of a Rule 59 motion absent an abuse of discretion.[4]

In her motion for reconsideration, the appellant presented new evidence that she alleged created an issue of fact as to her prima facie case. This circuit has held that a motion to reconsider should not be used by the parties to set forth new theories of law.[5] Other circuits hold that parties

---

[3]*Livernois v. Medical Disposables, Inc.,* 837 F.2d 1018, 1020 (11th Cir.1988).

[4]*American Home Assurance Co. v. Glenn Estess & Assoc., Inc.,* 763 F.2d 1237, 1238-39 (11th Cir.1985).

[5]*O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th cir.1992) ("Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was

3

cannot introduce new evidence post-judgment unless they show that the evidence was previously unavailable.[6] We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.

The appellant failed to allege, much less show, that she could not have submitted the affidavits attached to her motion for reconsideration any earlier. Because the evidence was not timely submitted, and no showing was made that the evidence could not have been presented previously, the district court correctly denied the motion for reconsideration. We affirm the district court's judgment.

AFFIRMED.

---

issued."); *see also, Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir.1990).

[6]*See, e.g., Morgan v. Harris Trust & Sav. Bank of Chicago,* 867 F.2d 1023, 1028 (7th Cir.1989); *Engelhard Indus. v. Research Instrumental Corp.,* 324 F.2d 347, 352 (9th Cir.1963), *cert. denied,* 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964) (on a motion to reconsider a party is "obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not have discovered and produced such evidence at the hearing.")