**Patricia Joyce COPPAGE, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE and National Rural Letter Carriers Association, Defendants.**

No. 7:00–CV–18(WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

Jan. 24, 2001.

Adam J. Conti, Mr., Atlanta, GA, for Patricia Joyce Coppage, plaintiff.

William David Gifford, Mr., Macon, GA, for United States Postal Service, defendant.

David J. Worley, Mr., Atlanta, GA, William B. Peer, Michael J. Gan, Washington, DC, for National Rural Letter Carriers Association, defendant.

**ORDER**

OWENS, District Judge.

Before the Court are Defendant United States Postal Service's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59 [Tab 24] and Defendant National Rural Letter Carriers Association's Motion for Reconsideration. These motions pertain to this Court's November 7, 2000 order denying Defendants' Motion for Summary Judgment and entering summary judgment in Plaintiff's favor.

**I. Brief Factual and Procedural History**

After arbitrating a dispute regarding Plaintiff's termination by Defendant United States Postal Service, an award was entered in Plaintiff's favor. Because the Postal Service was found to have wrongfully terminated Plaintiff, Defendant was ordered to reinstate Plaintiff immediately, to expunge from Plaintiff's record any mention of her termination and to pay Plaintiff backpay for the time she was out of work,

less any amounts earned during the interim. Plaintiff brought this hybrid labor action against Defendant Postal Service, and her union, Defendant National Rural Letter Carriers Association ("NRLCA"), because Defendant Postal Service refused to pay Plaintiff the full amount of backpay requested and ordered by the arbitration award. Plaintiff brought suit against Defendant NRLCA for breach of their duty of fair representation of Plaintiff's interests before the arbitrator and afterward to enforce the award. Defendant filed a Motion for Summary Judgment to which Plaintiff filed a Cross–Motion for Summary Judgment. On November 7, 2000, this Court entered judgment in Plaintiff's favor finding the following: (1) Plaintiff had standing to bring suit; (2) Plaintiff's Complaint was timely filed; and (3) Defendants waived the issue of mitigation of damages by not raising the same during arbitration.

Defendant Postal Service now requests this Court to alter or amend that judgment pursuant to Rule 59. Defendant NRLCA requests the Court to reconsider its November 7, 2000 judgment in favor of Plaintiff. After careful consideration of the parties' motions and supporting memoranda, the Court issues the following Order.

## II. Contentions

Defendants contend in their respective motions that Plaintiff should not have been awarded summary judgment in this case because the collective bargaining agreement between the parties set out the requirements for arbitration of labor disputes and the agreement did not support a full backpay award in this case. Defendant argued that, pursuant to their past practices, the dollar amount of an arbitration award is to be determined by Defendant Postal Service and Defendant NRLCA after the arbitration hearing is held. If necessary, there will be two arbitration hearings: one to determine liability and one to determine an amount of damages.

Plaintiff, on the contrary, argues that there is no support in the collective bargaining agreement for the bifurcation of arbitration proceedings. Rather, the agreement provides for a final and binding arbitration award that alleviates the necessity of further arbitration or litigation. Plaintiff argued that the arbitration award by which she was reinstated provided for a reduction in the amount of the award only if Plaintiff had earnings from another job during the period she was wrongfully terminated by Defendant Postal Service.

## III. Motion to Alter or Amend Judgment by Defendant United States Postal Service

Pursuant to Federal Rule of Civil Procedure 59, a party may request a court to alter or amend a prior judgment. Various courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Teresa G. Sussman v. Salem, Saxon & Nielsen,* 153 F.R.D. 689, 694 (M.D.Fla.1994) (citations omitted). "In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citation omitted). Reconsidering "a previous order is an extraordinary remedy to be employed sparingly." *Id.* (citation omitted). Further, the Eleventh Circuit Court of Appeals had held that when a district court is considering a motion to amend or a motion for reconsideration, the motion "should not be used by the parties to set forth new theories of law." *Mays v. United States Postal Service,* 122 F.3d 43, 46 (11th Cir.1997). "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the [summary judgment] motion." *Id.* "[O]n a motion to reconsider a party is 'obliged to show not only that this evidence was newly discovered or un-

known to it until after the hearing, but also that it could not have discovered and produced such evidence' " in the prior proceedings. *Id.* n. 6.

## A. Newly Discovered Evidence

■ In this case, Defendant Postal Service filed, along with its Rule 59 Motion to Alter or Amend Judgment, many pages of transcripts from other arbitration proceedings, having nothing to do with the case at bar, in an attempt to show support for their position at this stage in this case. However, as shown by the above caselaw from this and other circuits, Defendant waived its right to submit that documentation by not submitting the same with its Motion for Summary Judgment. Parties cannot sit idly by and depend on evidence thought to be strong at the time then produce 'better' evidence later, after that party lost on a motion for summary judgment with the weaker evidence. The courts cannot be continually inundated with voluminous post-trial documentation that should have been submitted earlier in the case. As in *Mays* and *Sussman,* the Defendant in this case has made no showing that the evidence submitted in its current motion could not have been presented previously. For that reason, the post judgment evidence submitted by Defendant Postal Service is, not only substantively unpersuasive, but not permitted and therefore does not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman,* 153 F.R.D. at 694.

## B. Intervening Change in the Law

Thorough research has shown no change in the law since the entry of Summary Judgment for Plaintiff. There is currently no caselaw from the Eleventh Circuit Court of Appeals, with facts such as the ones in this case, indicating the Defendants should have judgment in their favor. Rather, the caselaw that does exist, as stated in this court's order granting judgment for Plaintiff, stands for the proposition that Plaintiff should be the prevailing party in this case. A more thorough explanation of the law indicating this is fully set out in this court's previous order.

■ However, for an example of the more important applicable substantive law in this case, the mitigation of damages issue, the case followed in this court's previous order, *Encino,* clearly held that the employer's failure to raise the issue of mitigation in the arbitration proceedings estopped the employer from raising the issue in the district court proceedings. *Encino Shirt Co. v. ILGWU,* No. 78–W–5093–NE, 1980 WL 2124, 1980 U.S.Dist. LEXIS 15508 (N.D.Ala. Mar. 27, 1980). The Eleventh Circuit Court of Appeals has not overruled or even criticized the *Encino* case in more than 20 years. Until the higher court establishes a clearer standard for evaluating cases with facts as in this case, the previous order of the court stands as written and Plaintiff is entitled to judgment in her favor based on the collective bargaining agreement and the arbitration findings.

The collective bargaining agreement involved in this litigation has no provision for bifurcation of arbitration proceedings to determine liability at one arbitration and the amount of backpay in another. The submission of evidence by Defendant in their latest motion only shows that they were not following the collective bargaining agreement. Rather, the United States Postal Service and the union once again engaged in an apparently long-standing tradition of treating their employees unfairly and making baseless decisions only purportedly supported by the collective bargaining agreement. Therefore, this court's previous order and the accompanying analysis granting judgment in Plaintiff's favor remains the judgment of the court.

## C. Clear Error or Manifest Injustice

There has been no showing of clear error or manifest injustice in this case, not to Defendant anyway. Defendant has not shown that it should have prevailed in this case. There has been no clear proof that the practices of Defendant in this case

were in accord with the law, regardless of whether or not it was the tradition of Defendant to process a case as it did this one and others. Defendant has argued that Plaintiff attempted to go outside the collective bargaining agreement for support when the activities of *Defendant* are clearly not supported by the agreement. Again, there is absolutely no support in the collective bargaining agreement for a bifurcation of arbitration proceedings to determine liability, then later the amount of damages.

In order to prevent manifest injustice to its employees, the collective bargaining agreement in this case perhaps needs clarification clearly detailing the process by which liability and backpay will be determined. With a more precise, detailed arbitration policy, parties will not continually be forced to bring their disputes into the courts. The disputes will be taken care of solely among the parties without outside interference from the courts. That can only happen, though, when it is clear that employees are not being trampled on by their employers, especially when that employer is a division of the United States Government. Therefore, Defendant Postal Service's Motion to Alter or Amend Judgment is DENIED on the grounds of (1) there have been no new changes in the law since judgment was entered in Plaintiff's

favor, (2) *new* evidence has *not* been submitted showing Defendants' entitlement to a judgment in their favor and (3) there is no showing of clear error or manifest injustice.

## IV. Motion for Reconsideration by Defendant National Rural Letter Carriers Association

The same analysis given to the Motion to Alter or Amend Judgment applies to the Motion for Reconsideration. In the interests of efficiency, the same law and findings will not be repeated. Accordingly, Defendant National Rural Letter Carriers Association's Motion for Reconsideration is hereby DENIED in its entirety.

## V. Other Pending Matters

Pursuant to the Order of this court dated December 12, 2000, the parties may now fully brief the issues of attorneys' fees in this case. *See* Tab 33. The Defendants have 30 days from the date of this order to file their response to Plaintiff's request for fees. Plaintiff will thereafter have the appropriate time period for response as provided by the local rules.