[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10848
Non-Argument Calendar
_____

D. C. Docket No. 88-01007-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiffs-Appellees,

versus

WILLIE BUD REED, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 1, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Willie Bud Reed, Jr., proceeding <u>pro se</u>, appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of a 1992 order denying his Fed. R. Crim. P. 41(e) motion for return of property seized by the Drug

Enforcement Agency ("DEA") in a 1988 civil forfeiture proceeding.[1] On appeal,

Reed argues that the district court by denying his Rule 60(b) motion as time-barred

because he filed his original Rule 41(e) motion for return of property within the

applicable six-year statute of limitations. In the alternative, he suggests that,

although the Rule 41(e) motion was filed under the Federal Rules of Criminal

Procedure, the district court could have treated the proceeding as a civil proceeding

for equitable relief. After careful review, we affirm.[2]

We review the denial of a Rule 60(b) motion for an abuse of discretion.

Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Pursuant to Rule

60(b), a court, on motion and upon such terms as are just, may relieve a party from

a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the

---

[1]Given our resolution of the Rule 60(b) issue, we discern no abuse of the district court's discretion in its denial of Reed's Fed. R. Civ. P. 59(e) motion to alter or amend the order denying his Rule 60(b) motion. Cf. Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (holding that we "will not overturn a denial of a Rule 59 motion absent an abuse of discretion").

[2]In construing Reed's arguments, we have accorded to him the usual "less stringent" standard applied to pro se pleadings, liberally construing his arguments. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotations omitted), petition for cert. filed, (Nov. 6, 2006) (06-7654). However, "[l]iberal construction does not mean liberal deadlines." Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999), overruled on other grounds by Manders v. Lee, 285 F.3d 983 (11th. Cir. 2002).

judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. <u>The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.</u>

Fed. R. Civ. P. 60(b) (emphasis added). Here, Reed argues that the motion should have been granted because of government misrepresentation and misconduct on the part of the DEA, which falls under Rule 60(b)(<u>3</u>). Reed did not file his motion within one year after the 1992 order was entered, and accordingly, the motion was untimely.[3] Moreover, Reed presented no new facts, arguments, or evidence to explain why he was unable to directly appeal the 1992 order or to justify the 13-year delay between the 1992 order and the 2005 Rule 60(b) motion. On this record, the district court did not abuse its discretion by denying the motion.

**AFFIRMED.**

---

[3]Even if Reed's motion was liberally construed as one brought pursuant to reason (6),which is Rule 60(b)'s catch-all provision, the motion was still untimely because the order at issue was over 13 years old and because Reed elected not to appeal the 1992 order. As the Supreme Court has noted, relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances," and this showing is precluded where the defendant has shown a lack of diligence by not pursuing an appeal. See <u>Gonzalez v. Crosby</u>, 125 S. Ct. 2641, 2650-51 (2005).