[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11231
Non-Argument Calendar
_____

D. C. Docket No. 06-23032-CV-CMA

JOSEPH BERNARD,

Plaintiff-Appellant,

versus

SSA SECURITY, INC.,
a California corporation,
a.k.a. Security Services of America,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 7, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Joseph Bernard, a black Haitian male, appeals from the district court's grant of summary judgment in favor of his former employer, SSA Security, Inc. ("SSA"), and denial of reconsideration on Bernard's claims of retaliation under Title VII, 42 U.S.C. § 2000e-3(a), and the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.11, for claiming racial discrimination.[1] On appeal, Bernard argues that the district court abused its discretion by excluding from the evidence his opinion that a firearm, given to him by SSA for him to take a required pistol qualification test, was defective or malfunctioning, and that he showed that SSA fired him, not because he failed that test, but because he had recently sued SSA for a different Title VII violation. Additionally, Bernard argues that the district court erred by finding that he had not shown SSA's articulated reason for firing him was a pretext. We discuss the issues in turn.

I.

We review admission of lay opinion testimony, and evidentiary rulings in connection with summary judgment generally, for abuse of discretion. Agro Air Assoc., Inc. v. Houston Casualty Co., 128 F.3d 1452, 1455 (11th Cir. 1997); see

_____

[1]Bernard also raised claims of retaliation under the Florida Private Sector Whistleblower's Act, Fla. Stat. §§ 448.102-448.103, and state law breach of contract. Bernard raises only retaliation under Title VII and the Florida Civil Rights Act in his brief, so any challenge to the grant of summary judgment on his other claims is waived. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

Farrow v. West, 320 F.3d 1235, 1249 (11th Cir. 2003). We review denial of reconsideration for abuse of discretion. Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997).

Under the rules of evidence, lay witness opinion testimony is permitted, but is limited "to those opinions and inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. We have affirmed the admission of lay opinion testimony that a "reddish brown mark on a victim's back [was] consistent with marks that would be left by a stun gun," United States v. Myers, 972 F.2d 1566, 1577 (11th Cir. 1992), and testimony by a plaintiff corporation's employees that a defendant's actions were the reason the corporation could not obtain affordable insurance coverage, Agro, 128 F.3d at 1452.

The district court did not abuse its discretion by finding Bernard's opinion was inadmissible evidence because Bernard's knowledge of firearms, derived only from his experience as a security guard, was not extensive. Bernard's perceptions about his difficulty using the weapon and its inaccuracy did not show an understanding of firearms that compelled the district court to admit his opinion.

3

II.

We review a district court's grant of summary judgment <u>de novo</u>, viewing the record and drawing all inferences in favor of the non-moving party. <u>Fisher v. State Mut. Ins. Co.</u>, 290 F.3d 1256, 1259-60 (11th Cir. 2002). A district court abuses its discretion by applying an incorrect legal standard or making findings of facts that are clearly erroneous. <u>Klay v. United Healthgroup, Inc.</u>, 376 F.3d 1092, 1096 (11th Cir. 2004).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." <u>Eberhardt v. Waters</u>, 901 F.2d 1578, 1580 (11th Cir. 1990) (quotation omitted). "A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 1580 (quotation omitted). "All evidence and reasonable factual inferences therefrom must be viewed against the party seeking summary judgment." <u>Id.</u> (citation omitted). To survive summary judgment, the plaintiff must come forward with admissible

4

evidence.  Farrow, 320 F.3d at 1249.

Title VII prohibits retaliation against an employee who complains of discrimination.  42 U.S.C. § 2000e-3.  A claim of retaliation under the Florida Civil Rights Act is substantively similar to a claim of retaliation under Title VII and need not be analyzed separately.  See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).

When considering a Title VII motion for summary judgment involving circumstantial evidence, the district court analyzes the case using the framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The McDonnell Douglas burden-shifting framework is also used by courts to analyze claims of retaliation for engaging in a protected activity. Holifield v. Reno, 115 F.3d 1555, 1564-66 (11th Cir. 1997).

Under McDonnell Douglas, the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonably jury to determine that he has satisfied the elements of his prima facie case.  McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824.  If a prima facie case is established by the plaintiff, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision.  Id. at 802, 93 S.Ct. at 1824.  If a legitimate reason is articulated, the burden shifts back to the plaintiff to show that the defendant's

5

reason was pretextual.  Id.  A plaintiff may show pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer, or indirectly by showing that the employer's proffered reason is unworthy of credence."  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

However, plaintiff cannot merely quarrel with the wisdom of the employer's reason, but "must meet the reason head on and rebut it."  Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).  Furthermore, a reason is not pretext for discrimination unless it is shown that the reason was false and that discrimination was the real reason.  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993); see Silvera v. Orange County School Bd., 244 F.3d 1253, 1261 (11th Cir. 2001) (noting that a mistaken belief can be a legitimate, non-discriminatory justification for an adverse employment action).

Even if we assume arguendo that Bernard has shown a prima facie case of retaliation under Title VII, we still conclude the district court correctly granted summary judgment.  There was no admissible evidence that the weapon used by Bernard to take the pistol test was defective.  Even assuming the gun was defective, Bernard has produced no evidence that SSA knew it was defective or

6

intentionally gave it to him because it was defective. Further, SSA was not the entity that administered the test. Therefore, Bernard did not meet his burden of showing that SSA's reason for firing him was a pretext.

**AFFIRMED**.