[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10044
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-02062-JDW-AEP

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

versus

RCA CREDIT SERVICES, LLC,
a Florida corporation, et al.,

Defendant,

RICK LEE CROSBY, JR.,
individually and as an officer or manager of Defendant,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 14, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Rick Lee Crosby, Jr., appearing *pro se*, appeals the district court's denial of his motion for a new trial or to alter or amend the judgment as untimely under Federal Rule of Civil Procedure 59(b), (e).  On appeal, Crosby asserts that his Rule 59 motion was timely, but his argument only addresses the merits of the motion.  For the reasons set forth below, we affirm the denial of Crosby's Rule 59 motion as untimely.

## I.

The Federal Trade Commission ("FTC") filed a complaint under the Federal Trade Commission Act, 15 U.S.C. § 45(a), and the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.*, against RCA Credit Services, LLC; Crosby, individually and as an officer or manager of RCA; and Brady Wellington, individually and as an officer or manager of RCA.  The district court ultimately entered a final amended judgment and permanent injunction against Crosby on all counts of the complaint on October 15, 2010.  Crosby filed a motion for a new trial or to alter or amend the judgment under Federal Rule of Civil Procedure 59 on November 16, 2010.

The district court denied the motion as untimely.  The court found that to

2

comply with Rule 59's time limits, Crosby would have had to file his motion by November 12, 2010, and under Federal Rule of Civil Procedure 6(b)(2), the court could not extend Rule 59's 28-day deadline.

Crosby filed a notice of appeal on January 3, 2011, indicating that he was appealing both the judgment and the denial of his Rule 59 motion. We *sua sponte* dismissed Crosby's appeal of the amended final judgment and permanent injunction because the notice of appeal was untimely as to the judgment. We allowed Crosby's appeal of the denial of his Rule 59 motion to proceed because he timely appealed the denial of this motion.

## II.

We review the district court's denial of a Rule 59 motion for abuse of discretion. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Applying an incorrect legal standard or incorrectly applying the law is an abuse of discretion. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004). A motion for a new trial or to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(b), (e). A district court "must not extend the time" to file a Rule 59 motion. Fed.R.Civ.P. 6(b)(2).

The district court did not abuse its discretion in denying Crosby's Rule 59 motion as untimely. The final judgment in this case was entered October 15,

2010. Under Rule 59(b), (e), Crosby had to file a motion for a new trial or to alter or amend the judgment by November 12, 2010—that is, 28 days after the entry of the judgment. *See* Fed.R.Civ.P. 59(b), (e). Crosby filed his Rule 59 motion four days after this deadline, on November 16, 2010. The district court applied the correct legal standards to determine that Crosby's motion was untimely and to determine that it could not extend the deadline under Rule 6(b)(2). *See Klay*, 382 F.3d at 1251; Fed.R.Civ.P. 6(b)(2). Therefore, the court did not abuse its discretion in denying Crosby's Rule 59 motion as untimely, and we do not address the merits of Crosby's motion.

For the foregoing reasons, we affirm the denial of Crosby's Rule 59 motion.

**AFFIRMED.**