[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11491
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-20958-UU


ERICO LOPEZ,

Plaintiff-Appellant,

versus

AT&T, CORP.,
a foreign limited partnership,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 9, 2012)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Erico Lopez appeals the district court's grant of summary judgment in favor of the defendant AT&T Corp. ("AT&T") as to his Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), disability discrimination lawsuit. On appeal, Lopez argues that: (1) he made out a prima facie case of intentional discrimination, AT&T's proffered reason for terminating him -- threatening comments by Lopez to his supervisors, in violation of company rules -- was a pretext for disability discrimination, and the district court improperly weighed the evidence in granting summary judgment; and (2) the district court erred in denying his motion for reconsideration.[1] After careful review, we affirm.

We review de novo the district court's grant of summary judgment, viewing the evidence and all factual inferences in the light most favorable to the non-moving party. Greenberg v. BellSouth Telecomms., Inc., 498 F.3d 1258, 1263 (11th Cir. 2007). We review a district court's denial of a motion for reconsideration for abuse of discretion. Lambert v. Fulton County, Ga., 253 F.3d 588, 598 (11th Cir. 2001).

First, we reject Lopez's claim that the district court erred in granting summary judgment to AT&T. Summary judgment is appropriate "if the movant shows that

---

[1] Lopez also argues, for the first time on appeal, that AT&T violated his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., because they also terminated him because he took FMLA leave. Since Lopez did not present these issues before the district court, we decline to address them on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (noting that, in general, we will not address issues raised for the first time on appeal).

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact is shown when the nonmoving party produces evidence so that a reasonable factfinder could return a verdict in its favor. Greenberg, 498 F.3d at 1263. However, speculation or conjecture cannot create a genuine issue of material fact. Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005). A "mere scintilla of evidence" in support of the nonmoving party also cannot overcome a motion for summary judgment. Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004). In the summary judgment context, the court must avoid weighing conflicting evidence or making credibility determinations. Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999).

The ADA holds that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). We analyze ADA discrimination claims under the burden-shifting analysis applied to Title VII claims in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007) (quotation omitted). To successfully state a claim under this framework, the plaintiff must first establish a

prima facie discrimination case, meaning he may show: (1) he is disabled, (2) he is a qualified individual, and (3) he was subjected to unlawful discrimination because of his disability. See id. at 1255-56. Under McDonnell Douglas, if the plaintiff has established a prima facie case of discrimination, and the employer has offered a legitimate, nondiscriminatory reason for the challenged employment action, the plaintiff must show that the asserted nondiscriminatory reason is pretextual. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004).

A proffered legitimate, nondiscriminatory reason is not pretext for discrimination unless it is shown both that the reason was false and that discrimination was the real reason. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993). The inquiry into whether an employer's proffered reasons were merely pretextual centers on the employer's beliefs, not the beliefs of the employee or even objective reality. Alvarez v. Royal Atlantic Developers, Inc., 610 F.3d 1253, 1266 (11th Cir. 2010). If the proffered reason is one that would motivate a reasonable employer, the plaintiff "must meet that reason head on and rebut it," rather than "simply quarreling with the wisdom of [the employer's] reason." Id. at 1265-66 (quotation omitted). The plaintiff may establish pretext by identifying "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder

could find them unworthy of credence." Combs v. Plantation Patterns, Meadowcraft, Inc., 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation omitted). When the proffered legitimate, nondiscriminatory reason is plaintiff's violation of a work rule, we have held that the "work rule" defense may be pretextual when a plaintiff submits evidence (1) that he did not violate the cited work rule, or (2) that if he did violate the rule, other employees outside the protected class, who engaged in similar acts, were treated differently. Damon, 196 F.3d at 1363.

Lopez has not demonstrated that the district court erred by granting the defendant summary judgment as to his disability discrimination claim under the ADA. Lopez failed to establish that AT&T terminated his employment because of his post-traumatic depression and panic attacks. In fact, the opposite appeared to be true. For example, Lopez testified that when he told his supervisor over the phone that the supervisor was the source of Lopez's panic attacks, the supervisor became sympathetic and also expressed another supervisor's concern for Lopez's health. Lopez also testified that when his supervisor witnessed him having a panic attack at work, the supervisor told him to take a break. In addition, based on Lopez's and another employee's testimony, there was no indication that the harassing or belittling comments the supervisor made to Lopez were related to his disability. While the other employee mentioned that derogatory comments were made about Lopez's

5

disability, those comments were not made by Lopez's direct supervisors. And to the extent those comments could not support a finding in Lopez's favor as to causation, they constituted at most a mere scintilla, which is not enough to overcome the summary judgment motion. Young, 358 F.3d at 860.[2]

We are also unpersuaded by Lopez's claim that the district court abused its discretion in denying his motion for reconsideration. A party may file a Rule 59(e) motion to alter or amend a judgment no later than 28 days after entry of judgment. Fed.R.Civ.P. 59(e). The only grounds for granting a Rule 59(e) motion are the submission of newly-discovered evidence or the demonstration of manifest errors of law or fact. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quotation omitted). The court should not grant a motion for reconsideration where a party attempts to introduce previously unsubmitted evidence unless that evidence was not

---

[2] In any event, Lopez also failed to meet his burden of showing that AT&T's proffered reason for terminating his employment -- threatening comments to his supervisors in violation of a company rule -- was pretextual. Indeed, Lopez concedes that he said to his supervisors, "I know where you live" and "it is like being at war and killing people." Nor, moreover, based on our review of the record, did the district court weigh the party's evidence, draw improper inferences from the facts, or make credibility determinations in granting summary judgment to AT&T.

available during the pendency of the summary judgment motion. <u>Mays v. U.S. Postal Serv.</u>, 122 F.3d 43, 46 (11th Cir. 1997).

In Lopez's motion for reconsideration, he introduced previously unsubmitted evidence without showing that this evidence was not available during the pendency of the summary judgment motion. Moreover, as discussed above, Lopez failed to show that the district court committed a manifest error in granting summary judgment to AT&T. Accordingly, we affirm.

**AFFIRMED.**