[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15698
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cv-01625-WMA


LYNN GORDON,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 16, 2015)

Before HULL, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Lynn Gordon appeals the district court's denial of her post-judgment motion to remand her case to the Social Security Administration ("SSA") pursuant to sentence six of 42 U.S.C. § 405(g).  After careful review of the record and the briefs, we affirm.

I.

Ms. Gordon submitted an application for disability insurance benefits and supplemental security income, alleging that she suffered from trichotillomania,[1] depression, anxiety, chronic shingles pain, and obsessive compulsive disorder, as well as problems with tolerating clothing. The Commissioner denied her claim. She requested and was granted a hearing before an ALJ.  The ALJ issued a decision on November 6, 2009 and, after considering all the evidence, found that Ms. Gordon had not been under a disability within the meaning of the Social Security Act from April 2, 2007 through the date of the decision.  Ms. Gordon appealed to the Appeals Council, which denied review of the ALJ's decision.

Ms. Gordon then filed for judicial review of the Commissioner's decision in the district court.  The district court affirmed the SSA's final decision, explaining that the ALJ's decision applied proper legal standards and was supported by substantial evidence.  Ms. Gordon then filed a motion to remand the case to the

---

[1]Trichotillomania is characterized by recurrent body-focused repetitive behavior, such as hair pulling, and is a type of impulsive control disorder. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 251-54 (5th ed. 2013).

SSA pursuant to sentence six of 42 U.S.C. § 405(g). She argued that a remand was appropriate based on material new evidence—namely, a fully favorable decision by an ALJ on a subsequent disability claim she filed.  The favorable decision was dated June 26, 2012, and it awarded benefits with an onset date of November 17, 2009.  Ms. Gordon noted that the onset date in this decision was only 11 days after the denial of benefits on November 6, 2009, at issue here.  She argued that this subsequent favorable decision was material, relevant, and probative evidence supporting her claims because the later favorable decision was "in sharp contrast" to the earlier denial, creating a reasonable possibility that this new evidence would change the administrative result.  The district court denied the motion, which it construed as a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment, because Ms. Gordon had failed to present new evidence or point out a manifest error of law or fact.

## II.

We review the district court's denial of a motion to alter or amend a judgment pursuant to Rule 59 for abuse of discretion.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  The only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact.  *Id.* at 1343.  A Rule 59(e) motion cannot be used to relitigate old matters or present evidence that could have been raised prior to the entry of judgment.  *Jacobs v. Tempur-Pedic*

3

*Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pending of the motion." *May v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

In her motion to the district court, Ms. Gordon sought remand based on sentence six of 42 U.S.C. § 405(g), which provides that:

> [t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision . . . .

42 U.S.C. § 405(g). Sentence six "provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court." *Ingram v. Comm'r Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). To be entitled to remand to the SSA, the claimant must show that (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for claimant's failure to submit the evidence at the appropriate administrative level. *Caulder v. Bowen*, 791 F.2d 872,

877 (11th Cir. 1986). Accordingly, sentence six encompasses only those instances in which "the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Ingram*, 496 F.3d at 1267 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Evidence that was presented to the Appeals Council cannot be the basis for a sentence six remand. *Id*. at 1269.

The district court appropriately construed Ms. Gordon's motion for remand as a Rule 59(e) motion because it was filed within 28 days of the district court's decision affirming the SSA's decision and requested that the district court remand on the basis of new evidence, which necessarily requires altering the court's judgment. *See* Fed.R.Civ.P. 59(e). The district court also did not abuse its discretion by denying the motion. First, Ms. Gordon failed to show that the motion was based on new evidence: her request for a remand was based on a decision entered two years prior to the district court's judgment, and she provided no reason why she could not have filed her motion before the district court entered judgment. *See Arthur*, 500 F.3d at 1343.

Second, Ms. Gordon failed to show that the district court's affirmance of the SSA's decision was a manifest error of law or fact because the request for remand and the alleged new evidence were not before the court when it ruled, and, in any event, a sentence six remand was inappropriate. *Id*. Although the subsequent

5

favorable SSA decision was new, non-cumulative evidence, and Ms. Gordon could not have presented it at the administrative level (because it was not in existence until after the Appeals Council denied review), the evidence was immaterial because no reasonable possibility existed of a different administrative result. *See Caulder*, 791 F.2d at 877. The favorable decision, standing alone, does not indicate a reasonable possibility of a different result. Evidence is irrelevant and immaterial when it relates to a time period after the eligibility determination at issue. *See Wilson v. Apfel*, 179 F.3d 1276, 1278-79 (11th Cir. 1999). The initial denial of benefits covered the time period April 2, 2007 to November 6, 2009, while the subsequent favorable decision covered November 17, 2009 until June 26, 2012. Thus, under *Apfel*, the subsequent benefits determination was immaterial and did not justify a sentence six remand.

Ms. Gordon argues that the temporal proximity of the onset date in the favorable decision to the date of the denial of benefits at issue in this case renders the subsequent decision material. We disagree. Even though the subsequent favorable decision relied on some evidence prior to 2010, the ALJ also relied on medical records from 2010 and later that were significantly different than the early records considered in both cases.

Ms. Gordon also argues that the SSA's Hearings, Appeals and Litigation Law Manual, called HALLEX, provides guidance as to the need to remand the

6

case to consider the denial in light of the new favorable decision. Ms. Gordon failed to raise this issue before the district court, however, and we therefore need not consider it. *See Access Now, Inc.*, 385 F.3d at 1331. But we note that the rules found in HALLEX are inapplicable to a sentence six remand because they apply specifically to the situation where a claimant presents a subsequent favorable decision while her case is before the Appeals Council, not the district court. *See* HALLEX § I-4-2-101(I)(A).

## IV.

Accordingly, the district court did not abuse its discretion in denying Ms. Gordon's motion requesting remand.

**AFFIRMED.**