[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12484

_____

D.C. Docket No. 2:15-cv-00892-MHT-WC


CHARLES J. GREENE,

                                                          Plaintiff - Appellant,

versus

ALABAMA DEPARTMENT OF PUBLIC HEALTH,
a.k.a. Children's Health Insurance Program,

                                                          Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 3, 2017)


Before TJOFLAT, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Charles Greene appeals the District Court's grant of summary judgment and denial of his Rule 59(e) motion to alter or amend the judgment in favor of the Alabama Department of Public Health ("ADPH").  After a thorough review, we affirm.

I.

In this review of a grant of summary judgment for the ADPH, we accept Greene's version of the facts as true and draw all reasonable inferences in the light most favorable to him.  *Singletary v. Vargas*, 804 F.3d 1174, 1176 n.2 (11th Cir. 2015).  Greene worked for the ADPH from 2003 through 2014, most recently as a Health Insurance Assistant ("HIA").  Greene was the lone male HIA on the ADPH staff and was the only male HIA to ever work for the Children's Health Insurance Program in Alabama (administered by the ADPH).  Greene received middling performance reviews despite his production volume exceeding that of his fellow female HIAs, and he was disciplined for calling in sick during mandatory Saturday work sessions while female employees were granted liberal leave.

Based on this, Greene filed a gender discrimination claim with the Equal Employment Opportunity Commission ("EEOC") by fax.  Greene called the EEOC office from his work telephone to confirm receipt of the fax.  Less than two hours later, Greene was disciplined for allegedly using profanity on a separate work telephone call that he claims he did not make.

2

Greene then filed a lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, alleging gender discrimination in his performance reviews and missed-work discipline as well as retaliation for the telephone profanity discipline.[1]  His complaint was filed in December 2015.  The ADPH answered in January 2016, and months of pre-trial litigation ensued.  Despite proceeding *pro se*, Greene demonstrated commendable aptitude in understanding the orders, rules, and proceedings of the District Court.  He filed—and opposed—numerous motions over the first seven months of 2016.

On August 16, 2016, the ADPH filed a motion for summary judgment.  The motion included a certificate of service stating that it had been served on Greene via United States mail.  Greene never responded to the motion.  Nearly six months later, on February 3, 2017, the magistrate judge issued his report and recommendation ("R&R") on the motion.  He recommended that the motion be granted and allowed two weeks for Greene to object to the R&R.  Greene never responded to the R&R.  On February 23, with no objections to the R&R, the District Court adopted it in full and entered judgment for the ADPH.

One month later, on March 23, Greene filed a Rule 59(e) motion to alter or amend the judgment.  Greene claimed that he discovered an envelope at his home containing the ADPH's service of the summary judgment motion "many days"

---

[1] Greene had properly filed charges with the EEOC and received notice of his right to sue under Title VII for each claim.

3

after it had allegedly been served on him. Greene attempted to verify whether the alleged service date was incorrect, but he could not do so because the envelope did not have a postmark. According to Greene, this was evidence that the envelope was not sent through the United States mail. Because he did not discover the envelope until "many days" after it was allegedly served on him, Greene claimed that he was deprived of the opportunity to timely respond to the motion.

The District Court denied Greene's Rule 59(e) motion. It could not assess whether Greene's ability to timely respond to the motion was affected, because he did not specify when he first discovered the envelope at his home (only saying it was "many days" after the date of alleged service). The District Court further noted that Greene did not deny receiving the R&R issued on February 3, but he did not object to the R&R during the two-week window.

Greene appealed the summary judgment and the denial of his Rule 59(e) motion. On appeal, Greene expressly abandons any challenge to the findings and conclusions in the R&R that the District Court adopted. His sole claim is that he was deprived of his opportunity to timely respond to the summary judgment motion due to improper service. We address this claim in the contexts of the summary judgment and the denial of his Rule 59(e) motion in turn.

4

II.

When a party fails to timely object to a magistrate judge's R&R, he waives the right to challenge a district court's order based on the R&R so long as he was informed of the time period for objecting and the consequences of failing to object. 11th Cir. R. 3-1.  This Court will only review these waived challenges for plain error if necessary in the interest of justice.  *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017).

Greene did not timely object to the R&R, and the R&R itself informed Greene of both the time period for objecting[2] and the consequences if he failed to do so.[3]  Accordingly, we may only review his challenge to the District Court's grant of summary judgment (through its adoption of the R&R) for plain error if necessary in the interest of justice.  An error is plain here if it was "so obvious and substantial" that the District Court should not have permitted it, even absent Greene's "timely assistance in detecting it."  *United States v. Prieto*, 232 F.3d 816, 823 (11th Cir. 2000).

Plain error does not exist here.  There was no obvious and substantial reason for the District Court not to grant summary judgment in the absence of any

---

[2] "ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before February 17, 2017."

[3] "Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice."

opposition to the motion.  Greene claims that he received the motion without being afforded an opportunity to timely respond to it, but this argument does not assist Greene under this standard.  When Greene did not oppose the motion, the District Court could not be expected to know the reason why he did not do so.  It certainly did not commit plain error by applying the proper legal standard to an uncontested motion for summary judgment.  Accordingly, we affirm the District Court's grant of summary judgment.

### III.

We now turn to the District Court's denial of Greene's Rule 59(e) motion to alter or amend the judgment.[4]  We review this decision for abuse of discretion. *Rodriguez v. City of Doral*, 863 F.3d 1343, 1349 (11th Cir. 2017).  A district court abuses its discretion "if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

The District Court did not abuse its discretion in denying this motion.  A litigant cannot use a Rule 59(e) motion to present arguments or evidence that could have been presented prior to the entry of judgment.  *Jacobs v. Tempur-Pedic Int'l,*

---

[4] Greene presented his motion under Rule 59(e) or, alternatively, Rule 60(b).  A motion seeking to set aside a grant of summary judgment is properly characterized as a Rule 59(e) motion to alter or amend the judgment, rather than a Rule 60(b) motion for relief from the judgment, so we treat it as such.  *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

*Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).  Greene's sole argument, regarding the service of the summary judgment motion, could have been raised—indeed, *should* have been raised—as an objection to the R&R before judgment was entered.  The R&R issued February 3, 2017.  The deadline for objections to be filed was February 17.  Greene did nothing to object within this fourteen-day window.  Rather, Greene's first response to the R&R and subsequent judgment was on March 23 when he filed his Rule 59(e) motion.  The argument presented in this motion could have been presented as an objection to the R&R between February 3 and February 17.  Because of this, Greene is ineligible for relief under Rule 59(e).  We therefore affirm the District Court's denial of Greene's Rule 59(e) motion.

## IV.

Charles Greene had notice and an opportunity to be heard on this claim in the two weeks after the R&R issued.  From February 3 through February 17, Greene could have filed an objection to the R&R with the claim that he had no meaningful opportunity to respond to the motion for summary judgment.  But Greene neglected to do so.  His failure to do so then is fatal to his case now.  Because the District Court did not commit plain error in granting summary judgment through its adoption of the uncontested R&R, and because it did not abuse its discretion in denying Greene's Rule 59(e) motion, we affirm.

**AFFIRMED.**