[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14956
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-62467-CMM

TRI-LADY MARINE, LTD.,
a Marshal Island Company,
d.b.a. Triumphant Lady,

Plaintiff - Appellant,

versus

BISHOP MECHANICAL SERVICES, LLC,

Defendant - Appellee,

AQUA-AIR MANUFACTURING,
a division of James D. Hall Co, a Florida Company,

Defendant - Cross-Claimant,

ELITE MARINE YACHT SERVICES, LLC,

Defendant - Cross-Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 27, 2019)

Before WILSON, WILLIAM PRYOR and HULL, Circuit Judges.

PER CURIAM:

Tri-Lady Marine, Ltd., appeals the summary judgment against its complaint for a breach of contract and of implied and express warranties by Bishop Mechanical Services, LLC. The district court ruled that the parties' contract limited Tri-Lady to recovering direct damages, which it did not seek to collect. We affirm.

## I. BACKGROUND

Tri-Lady hired Bishop Mechanical to install a marine chiller unit on the Triumphant Lady, a yacht. Bishop Mechanical sent Tri-Lady a proposal to install a compressor, which Tri-Lady signed. The proposal included a project agreement that contained a statement of workmanship and separate clauses that barred indemnification for losses and expenses connected to its work and that limited its liability for damages. The limitation clause excluded liability for consequential damages:

> UNDER NO CIRCUMSTANCES, WHETHER ARISING IN CONTRACT, TORT (INCLUDING NEGLIGENCE), EQUITY OR OTHERWISE, WILL BISHOP MECHANICAL SERVICES, LLC BE RESPONSIBLE FOR LOSS OF USE, LOSS OF

2

PROFIT, INCREASED OPERATING OR MAINTENANCE EXPENSES, CLAIMS OF CUSTOMER'S TENANTS OR CLIENTS, OR ANY SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES.

Bishop later received a chiller unit instead of a condenser, and Tri-Lady agreed to pay additional labor costs to install the chiller unit. Bishop issued Tri-Lady a supplemental invoice, which it paid.

The chiller unit failed. Water inside the evaporator heat exchanger froze, which caused leaking in the chilled water piping throughout the yacht. Investigators discovered that the water hoses for the chilling unit had been plumbed in reverse.

Tri-Lady filed in the district court for New Jersey a complaint against Bishop Mechanical, which was transferred to the Southern District of Florida and consolidated with a related action against the manufacturer and seller of the chilling unit. Tri-Lady attached the installation proposal to its complaint and cited to it as the "Contract between Tri-Lady and Bishop . . . involving the installation of a . . . Chiller Unit." Tri-Lady alleged that the contract contained "express[] warrant[ies] that [the] work [by Bishop] would be done in a workmanlike manner and be of the 'best possible service' and be 'free of defects,' and that [Bishop] would 'insure system piping integrity.'" Tri-Lady demanded as damages its expenses for "repair of the Vessel, mold and mildew damage, dockage expenses

3

and crew [wages] while the Vessel [sat] idle, loss of use . . . and loss of Charter income . . . ."

Bishop Mechanical moved for partial summary judgment and argued that the limitation clause was enforceable under the law of New Jersey and barred Tri-Lady from recovering its requested damages. Tri-Lady responded that the limitation clause was inapplicable because Bishop Mechanical waived its right to enforce the clause by failing to raise it as an affirmative defense in its answer. Alternatively, Tri-Lady argued that a material factual dispute existed whether the clause in the installation proposal applied to the work that Bishop later performed. During a hearing on the motion, Tri-Lady demanded as additional damages the expenses it had incurred paying its insurance deductible, buying a marine compressor, replacing "soft goods," and restoring damaged veneer on the yacht.

The district court entered summary judgment in favor of Bishop Mechanical. Initially, the district court granted Bishop Mechanical a partial summary judgment on the ground that Tri-Lady could not recover any of the damages demanded in its complaint. The district court ruled that "no genuine material dispute [existed about whether] . . . the limitation of damages clause . . . b[ound] Tri-Lady" because it made a "judicial admission" that the clause "appl[ied] to the installation of the Chilller . . . when it sued Bishop relying on" the proposal. The district court also ruled that the limitation on damages was not an affirmative defense; that the

4

limitation clause explicitly barred damages for nonuse of the yacht, foregone charter income, dockage expenses, and crew costs; and that the clause also barred consequential damages for the insurance deductible and the expenses for repairs to and refurbishment of the yacht, for mold and mildew remediation, and for a new compressor. After Tri-Lady confirmed that it was not demanding direct damages, the district court entered a final judgment for Bishop Mechanical.

Tri-Lady moved for reconsideration and argued that the limitation clause was invalid under the three-part test in *Diesel "Repower" Inc. v. Islander Investments Ltd.*, 271 F.3d 1318 (11th Cir. 2001), but the district court denied the motion. The district court ruled that Tri-Lady never contested the enforceability of the clause and its "motion for reconsideration [could] not serve as the occasion to tender [its] new legal theor[y] for the first time." The district court stated that Tri-Lady had "mentioned *Diesel 'Repower' Inc.* in its opposition memorandum when it challenged the *indemnification* clause," not the limitation clause. The district court also explained that it had "relied upon *Diesel 'Repower' Inc.* to illustrate that the damages Tri-Lady [sought] [were] consequential damages" and it "had no reason to consider or address the enforceability of the [limitation on] damages clause" because that was "never question[ed]" by Tri-Lady.

## II. STANDARD OF REVIEW

5

We review *de novo* the summary judgment in favor of Bishop Mechanical. *See Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1026 (11th Cir. 2017). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. DISCUSSION

Tri-Lady challenges the summary judgment on two grounds. First, Tri-Lady argues that Bishop Mechanical waived its argument to apply the limitation clause by failing to plead it as an affirmative defense, as required by Federal Rule of Civil Procedure 8(c). Second, Tri-Lady argues that the district court erred in failing to examine the limitation clause under the three-part test in *Diesel Repower*. Both these arguments fail.

Bishop Mechanical did not waive the right to enforce the limitation clause. Even if Bishop Mechanical was required to raise the defense in its answer, under our precedent, no waiver occurred because Tri-Lady received notice of the defense "by some means other than pleadings" and had "a chance to rebut it." *See Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989). Like the defendant in *Grant*, Bishop Mechanical raised its defense for the first time in its motion for partial summary judgment. *See id.* And, like the plaintiff in *Grant*, Tri-Lady "was fully aware" that Bishop Mechanical was relying on the limitation clause and never

6

"assert[ed] any prejudice from the lateness of the pleading" when opposing its motion. *See id.* at 798. Bishop Mechanical could rely on the limitation clause as a defense.

Tri-Lady forfeited the opportunity to challenge the enforceability of the limitation clause. "[A] party who fails to make a specific objection or argument in the district court forfeits that objection or argument." *Green v. Graham*, 906 F.3d 955, 963 (11th Cir. 2018) (internal quotation marks and citation omitted). Tri-Lady contested the enforceability of the limitation clause in its motion to reconsider, but that motion could not be used "to raise arguments which could, and should, have been made before the judgment was issued," *Mays v. U.S. Postal Svc.*, 122 F.3d 43, 46 & n.5 (11th Cir. 1997).

Even if Tri-Lady had not forfeited its argument under *Diesel Repower*, we would not reach a different result. Substantive admiralty law governs the enforceability of the limitation clause in a contract to repair a vessel in navigable water. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 22 (2004); *Diesel Repower*, 271 F.3d at 1322–23. Bishop Mechanical argues that the Third Circuit is more tolerant of exculpatory clauses than this Court, yet the limitation clause passes muster even under *Diesel Repower*. *Diesel Repower* holds that "[p]arties to a contract for the repair of a vessel may validly agree to limit the repairer's liability" so long as "the limited liability clause . . . clearly and unequivocally indicate[s] the

parties' intention," the clause does "not absolve the repairer of all liability," and "the parties [are] of equal bargaining power to prevent overreaching." 271 F.3d at 1324. The limitation clause stated "clearly and unequivocally" that Bishop Mechanical was not liable for consequential damages; the clause limited the type of damages recoverable without relieving Bishop Mechanical of all liability; and Tri-Lady was an educated party familiar with the marine industry and capable of bargaining with Bishop Mechanical. *Diesel Repower* does not, as Tri-Lady argues, obligate Bishop Mechanical to reimburse certain charges or pay a threshold amount to suffice as deterrence. Tri-Lady forfeited its opportunity to have the district court undertake the "fact-specific inquiry" described in *Diesel Repower*, *id.* at 1325, to determine whether the risk of liability that Bishop Mechanical retained was a sufficient deterrent to negligence.

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of Bishop Mechanical.

8